**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50242 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00763-PA-1 |
| v. | |
| DOUGLAS VON BRUNNER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 14, 2021[**]

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Douglas Von Brunner appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Brunner contends that the district court erred by treating U.S.S.G. § 1B1.13 as a binding policy statement. We need not decide this issue because the district court made clear that, even if Brunner had shown extraordinary and compelling reasons for release under § 1B1.13, it would deny relief under 18 U.S.C. § 3553(a). *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (district court can deny compassionate release on the basis of the § 3553(a) factors alone). Contrary to Brunner's contention, the court did not abuse its discretion in reaching this conclusion. Though the court incorporated its § 3553(a) analysis from Brunner's original sentencing, it considered and applied the factors anew to reasonably conclude that release was unwarranted in light of the time remaining on Brunner's sentence, his criminal history, the need to protect the public, and the need to avoid unwarranted sentencing disparities. Moreover, the court considered Brunner's mitigating arguments and adequately explained its decision to deny his motion. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). Finally, the court did not rely on any clearly erroneous facts. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

We decide this case without reference to the documents at issue in the parties' motions to supplement the record. Accordingly, the motions are denied. The Clerk will strike the exhibits (Docket Entry No. 26-3) to appellee's motion to

supplement the record.

**AFFIRMED.**